UNITES STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

JEFFREY K. BOX AND
LORI O. BOX,

CASE NO. 06-12268-NPO

DEBTORS.

CHAPTER 7

MEMORANDUM OPINION AND
ORDER ON MOTION TO CLOSE CASE

There came on for hearing on August 29, 2013 (the "Hearing") the Motion to Close Case (the "Motion") (Dkt. 109) filed by the Debtors, Jeffrey K. Box ("Mr. Box") and Lori O. Box ("Mrs. Box" or, together with Mr. Box, the "Boxes"), and Mississippi Farm Bureau's Response to Debtors' Motion to Close Estate (the "Response") (Dkt. 113) filed by Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau") in the above-referenced bankruptcy case (the "Bankruptcy Case"). At the Hearing, Glenn H. Williams represented the Boxes; and Mary McKay Lasker and Arnold U. Luciano represented Farm Bureau.

**Jurisdiction**

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. These are core proceedings under 28 U.S.C. § 157(b)(2)(A), (E) and (O).[1] Notice of the Motion was proper under the circumstances.

**Facts**

1. On September 20, 2006, the Boxes filed a voluntary, joint petition for relief (the

---

[1] These proceedings do not require the Court to resolve the merits of the personal injury cause of action asserted by the Boxes. *See* 28 U.S.C. § 157(b)(2)(B) (excluding personal injury claims from list of core proceedings).

"Petition") under chapter 13 of the U.S. Bankruptcy Code (Dkt. 1). *See* 11 U.S.C. § 701 *et seq.*[2]

2. Almost two (2) months after proposing their repayment plan, the Boxes filed the Motion to Convert Case to Chapter 7 on December 14, 2006. (Dkts. 15, 23). The Order Converting a Chapter 13 Case to a Chapter 7 Case (the "Conversion Order") (Dkt. 24) was entered by the Court on December 15, 2006. *See* U.S.C. § 1307(a) (providing for conversion of a chapter 13 case to another chapter). Thereafter, Jeffrey A. Levingston was appointed as the chapter 7 trustee in the case (the "Trustee").

3. On February 29, 2008, Mrs. Box was personally injured in a two-car accident and incurred medical expenses as a result of her injuries. The cause of the accident was purportedly the negligence of the other driver, who was uninsured. At the time the accident occurred, the Boxes were insured under a single, multi-vehicle policy issued by Farm Bureau.

4. The accident occurred about seventeen (17) months after the Petition was filed and almost fourteen (14) months after the conversion of the Bankruptcy Case to chapter 7. The Boxes did not amend their bankruptcy schedules or statement of financial affairs to disclose any potential claim arising out of the automobile accident.

5. On March 31, 2008, the Boxes received a no-asset discharge under 11 U.S.C. § 727(a) in their chapter 7 case (the "Discharge Order") (Dk. 100). After finding that their bankruptcy estate (the "Estate") had been fully administered, the Court entered the Final Decree/Order Closing Case (All Chapters) (Dkt. 102) on April 4, 2008. *See* 11 U.S.C. § 350.

6. On February 25, 2011, the Boxes filed a complaint (the "County Court Complaint") against Farm Bureau pursuant to the Mississippi Motor Vehicle Safety Responsibility Law, MISS. CODE ANN. § 83-11-101 *et seq.,* in the County Court of Leflore

---

[2] Hereinafter, all code sections refer to the U.S. Bankruptcy Code found at Title 11 of the United States Code.

County, Mississippi (the "County Court"), in Cause No. 2011-0089 (Dkt. 109-1 Ex. A). In the County Court Complaint, the Boxes seek the balance of uninsured motorist benefits existing under the insurance policy issued by Farm Bureau.

7. On October 19, 2012, Farm Bureau filed a motion for summary judgment in County Court in which it seeks the dismissal of the County Court Complaint on two grounds: (1) the Boxes lack standing because the claim belonged to the bankruptcy estate, and (2) the Boxes are barred by the doctrine of judicial estoppel because they failed to amend their bankruptcy schedules to disclose the claim prior to the entry of the Discharge Order. (Dkt. 113-1 Ex. A & Dkt. 113-1, Ex. C). A hearing on the summary judgment motion was held in County Court on November 9, 2012. (Mot. ¶ 3, Dkt. 109). As of the date of this Opinion, no decision has been rendered by the County Court. (*Id.*).

8. On May 3, 2013, the Boxes filed the Motion to Reopen Case (Dkt. 104) for the purpose of resolving the issue of ownership of their cause of action against Farm Bureau. *See* 11 U.S.C. § 350(b). On May 31, 2013, the Court entered the Order Reopening Case (Dkt. 107).

9. On July 10, 2013, the Boxes filed the Motion seeking a declaration that the cause of action they assert against Farm Bureau is not property of the Estate and, therefore, the Bankruptcy Case has been fully administered by the Trustee. The Boxes also seek an order that once again closes the Bankruptcy Case as a no-asset case. In support of the Motion, the Boxes submitted the affidavit of the Trustee who testified that he did not consider the cause of action to constitute property of the Estate and had no interest in pursuing the pending litigation against Farm Bureau. (Dkt. 109-1). On August 7, 2013, Farm Bureau filed the Response.

**Discussion**

The issue before the County Court is whether the Boxes may pursue a claim arising out of the automobile accident or whether this claim is property of the Estate and must be pursued, if at all, by the Trustee. The Boxes contend that the claim belongs to them and is not property of the Estate because the automobile accident occurred after they had commenced their Bankruptcy Case. Farm Bureau asserts that the claim belongs to the Trustee as the administrator of the Estate and is property of the Estate because the automobile accident occurred during the pendency of the Bankruptcy Case and before entry of the Discharge Order. The sole issue before this Court, however, is more simple, that is, whether the Bankruptcy Case may be closed as a no-asset case.[3]

**A.     Property of the Estate § 541(a)(1)**

Property rights personal to a debtor become property of the bankruptcy estate by virtue of § 541(a)(1). Section 541(a)(1) states, in pertinent part, that a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition appears to be very broad and all-encompassing, but the last part of the statute contains an important temporal limitation. Under § 541(a), only property that exists at the commencement of the case becomes property of the estate. *Burgess v. Sikes* (*In re Burgess*), 438 F.3d 493, 496 (5th Cir. 2006). A case is commenced when the voluntary petition for relief is filed. 11 U.S.C. § 301. Limiting the creation of the estate to the date the petition is filed serves the dual purpose of securing all assets that the debtor possesses at the time of the

---

[3] The Court recognizes that a finding that the claim belongs to the Estate could support a ruling by the County Court that the Boxes lack standing to assert the claim and/or that the Boxes are judicially estopped from asserting this claim. *Kane v. Nat'l Union Fire Ins. Co*, 535 F.3d 380, 385 (5th Cir. 2008) (holding that the trustee is the only party with standing to pursue a cause of action that belongs to the estate). Because the ultimate decision of this Court is that the claim is not property of the Estate, the County Court will not need to reach these issues.

bankruptcy filing for the potential benefit of creditors while permitting the debtor to accumulate new assets, after the date of the bankruptcy filing, to allow the debtor an unencumbered "fresh start."[4] *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004).

Section 541 provides the framework for determining the scope of property of the estate. As suggested by Farm Bureau, however, an estate may vary depending upon the type of relief sought under the Bankruptcy Code. Each type is referred to generally by its statutory chapter. As noted previously, this Bankruptcy Case was commenced as a chapter 13 case, and was converted to a chapter 7 case and, therefore, these are the only chapters relevant in this matter. *See* 11 U.S.C. §§ 701-784; 11 U.S.C. §§ 1301-1330.

Although the differences between a chapter 7 liquidation and a chapter 13 reorganization are significant, they do not complicate the Court's determination of the ownership of the cause of action in the Bankruptcy Case because the accident occurred after the Petition was filed and, indeed, after the conversion of the case to chapter 7. Moreover, the conversion itself occurred before the confirmation of a plan so that the effect of a confirmation on property of the Estate need not be considered. *Cf. Viegelahn v. Harris (In re Harris)*, 491 B.R. 866, 869 (W.D. Tex. 2013) (addressing issue of first impression regarding ownership of property collected under confirmed chapter 13 plan after conversion to a chapter 7 case). The sequence of events in the Bankruptcy Case simplifies the Court's task in determining whether the cause of action is property of the Estate. It is nevertheless helpful to review and compare proceedings under chapter 7 and chapter 13 given the arguments made by Farm Bureau.

---

[4] The benefit to creditors is only a potential one because a debtor may claim certain exemptions under § 522.

1. **Property of the Chapter 7 Estate**

In a typical chapter 7 case, also known as a "straight bankruptcy," the bankruptcy estate is liquidated by a bankruptcy trustee. 11 U.S.C. § 707. After liquidation of the debtor's nonexempt assets, the debtor is granted a discharge, the effect of which is to release the debtor from personal liability with respect to almost all discharged pre-petition debts. 11 U.S.C. § 524(a)(1). Importantly, once a chapter 7 case is commenced, "two estates are created—the chapter 7 bankruptcy estate, and a new, post-petition estate [and] [i]nto this post-petition estate goes 'property which the debtor receives, after filing.'" *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424, 1432 (M.D. Ala. 1996) (quoting *In re Griseuk,* 165 B.R. 956, 958 n.3 (Bankr. M.D. Fla. 1994)). "Thus, unlike a case filed under Chapter 11 or 13, the Chapter 7 debtor retains possession of property acquired after the commencement of the bankruptcy case." *Id.* (citing *In re Ellis,* 108 B.R. 262, 268 (D. Haw. 1989)). Simply put, property of the chapter 7 estate is a "snapshot" of the assets the debtor possessed at the time of filing.

2. **Property of the Chapter 13 Estate**

In a typical chapter 13 case, also known as the "wage earner's plan," the bankruptcy estate is administered through a plan developed by the debtor and administered by the bankruptcy trustee over a period of three (3) to five (5) years. 11 U.S.C. §§ 1302, 1322. Property of the estate in a chapter 13 case is more expansive than property of the estate in a chapter 7 case because chapter 13 estate property includes all chapter 7 estate property *plus* any property the debtor acquired after the chapter 13 petition for relief was filed. 11 U.S.C. § 1306(a)(1). Specifically, under § 1306(a)(1), property of the estate includes "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted under chapter 7, 11, or 12 of this title,

whichever occurs first." 11 U.S.C. § 1306(a)(1). This after-acquired property includes wages earned after the commencement of the case. 11 U.S.C. § 1306(b). Thus, unlike a chapter 7 estate, the chapter 13 estate includes post-petition property acquired prior to confirmation of a plan. *See* 11 U.S.C. § 1327(b) (plan confirmation vests all property of the estate in the debtor).

### 3. Property of the Chapter 7 Estate upon Conversion from Chapter 13

Section 1307(a) provides that a debtor may convert his chapter 13 case to a liquidation under chapter 7. 11 U.S.C. § 1307(a). Section 348, which governs the effect of converting a bankruptcy case from one chapter to another, provides that such a conversion does not change the date of the filing of the petition. 11 U.S.C. § 348(a). Once a chapter 13 case is converted to a chapter 7 case, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, which remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). Thus, the date the chapter 13 petition is filed is treated as the date "of the commencement of the [converted chapter 7] case," and property of the converted chapter 7 estate consists of property belonging to the debtor on the date the chapter 13 petition was filed to the extent that such property remains in existence. *Id.* In this way, § 348 modifies the definition in § 541(a) of "property of the estate" to exclude property acquired or transferred by the debtor during the pendency of the chapter 13 bankruptcy case.[5] 3 COLLIER ON BANKRUPTCY ¶ 348.078[1] (16th ed. 2013).

---

[5] Section 348(f) was enacted by Congress as part of the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 311, 108 Stat. 4106, 4137-38, to resolve a split among the federal courts as to whether property interests acquired during the pendency of a chapter 13 case become property of the estate in a converted chapter 7 case. *Stamm v. Morton (In re Stamm)*, 222 F.3d 216, 217 (5th Cir. 2000). Here, because the cause of action was acquired during the pendency of the converted chapter 7 case, that issue is not reached.

**B.     Ownership of the Causes of Action against Farm Bureau**

As noted previously, property of the estate includes "all legal or equitable interests."  11 U.S.C. § 541(a).  It is well established that this definition includes potential and pending causes of action.  *See* H.R. REP. NO. 95-595, at 367 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6323-24; *Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996) (personal injury claim filed before debtor commenced bankruptcy case is property of estate); *La. World Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition)*, 832 F.2d 1391 (5th Cir. 1987).  The issue regarding the Boxes' cause of action, therefore, is one of timing because "[w]hether a particular . . . cause of action belongs to the estate depends on whether . . . the debtor could have raised the claim as of the commencement of the case."  *Schertz-Cibolo-University City v. Wright (In re Educators Grp. Health Trust)*, 25 F.3d 1281, 1284 (5th Cir. 1994) (citations omitted).  The Boxes' property rights in the cause of action as of the commencement of the case are determined under Mississippi law.

It is undisputed that the Boxes' cause of action arose as the result of an automobile accident on February 29, 2008, which is also the date of the accrual of their claim.  *See Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990) (holding that cause of action accrues when it comes into existence as an enforceable claim).  This date is well after the date they commenced their original chapter 13 case on September 20, 2006, which, pursuant to § 348(f), is treated also as the date of commencement of their converted chapter 7 case.  Even in the absence of § 348(f), this date is well after the date the Bankruptcy Case was converted to a chapter 7 case.  In other words, the fact that the Bankruptcy Case initially was commenced under chapter 13 is irrelevant to the issue of ownership before the Court.  Although Farm Bureau relies upon the date of the Discharge Order, which occurred after the accrual of the cause of action, such

reliance is inconsistent with § 541(a) and the basic tenet of chapter 7 bankruptcy law that property of the estate must exist at the time the case is commenced. Clearly, the Boxes did not have a property interest in the cause of action on September 20, 2006, when they filed the Petition, and, therefore, the Court finds that the cause of action is not property of the estate.

The Court's analysis would end here except that Farm Bureau raises two arguments in opposition to the Motion that must be addressed. First, Farm Bureau cites language from *Byrd v. Potter*, 306 B.R. 559, 562 (N.D. Miss. 2002), that Farm Bureau maintains defines property of the estate based upon the date of discharge. Second, Farm Bureau interprets § 541(a)(7) as bringing after-acquired property into a chapter 7 estate.

### 1. *Byrd v. Potter*

In *Byrd*, the debtor on June 7, 2001, brought an action against his employer alleging racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The alleged incidents of discrimination occurred on July 8, 1998, August 14 and 25, 1998, September 9, 1998, and July 3 and 6, 1999. *Byrd*, 306 B.R. at 561. The debtor filed formal charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 27, 1999, May 17, 1999, and February 22, 2000.

Meanwhile, the debtor filed a chapter 7 bankruptcy petition on February 23, 1999. He did not disclose any potential employment discrimination claim, either in his initial bankruptcy schedules or in his statement of financial affairs, and did not amend his schedules or statement to include any such claim. *Id.* On September 21, 1999, the debtor's debts were discharged, and his bankruptcy case was closed. In a motion for summary judgment, the employer in the Title VII action argued that the case should be dismissed for lack of subject matter jurisdiction or under the doctrine of judicial estoppel. The district court concluded that four (4) of the debtor's

discrimination claims accrued in 1998, prior to the bankruptcy filing, and two (2) accrued in 1999, after the bankruptcy filing.  The district court then held that the real party in interest as to all six (6) of the claims was the bankruptcy trustee, not the debtor, because "[c]auses of action that accrued prior to the filing of a bankruptcy petition or *prior to the debtor's discharge* in bankruptcy are property of the bankruptcy estate and may only be prosecuted by the bankruptcy trustee."  *Id.* at 562 (emphasis added) (quotation omitted).   It is this emphasized language that Farm Bureau relies upon in the present case, because the Boxes' cause of action accrued prior to the Discharge Order, albeit after the filing of the Petition.

As authority for the "prior to the debtor's discharge" language, the *Byrd* court cited the decision of its sister court in *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779-80 (S.D. Miss. 1992), *aff'd* 42 F.3d 642 (5th Cir. 1994) (mem.).  In *Lawrence*, the debtor initiated a suit on October 6, 1989, against Jackson Mack Sales, Inc. ("Jackson Mack") for failing to notify her of her right to continuation coverage under its employee benefit plan in violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161.  The debtor alleged that she incurred medical expenses that she was unable to pay after she lost her health insurance coverage and that these expenses forced her to file a chapter 7 petition for relief on May 25, 1988.  A discharge order was entered in her bankruptcy case on October 14, 1988. *Lawrence*, 837 F. Supp. at 778.  In the COBRA action, the debtor sought reimbursement of her medical expenses and other damages.  Jackson Mack argued that the debtor lacked standing to bring the COBRA action because it constituted property of the bankruptcy estate.  *Id.*

The district court in *Lawrence* asked whether the debtor's claims for medical expenses "accrued prior to her discharge in bankruptcy" and, if so, "which . . . , if any, are property of the bankruptcy estate."  *Id.* at 779-80 (footnote omitted).  In a footnote, the district court explained

that medical benefits can become property of the estate, "at least so far as medical expenses occurring before the discharge date are concerned." *Id.* at 780 n.12. Thus, the district court appeared twice to relate the issue of ownership of the COBRA action to the date of the debtor's discharge, as opposed to the date the debtor's petition was filed. The *Lawrence* court, however, did not cite any authority in support of its reliance on the discharge date as the temporal limitation for determining property of the estate in a chapter 7 case. Later in the decision, the *Lawrence* court appeared to adjust its stance on the significance of the discharge date by stating that "the court cannot determine at this time that [the debtor's] claims accrued prior to her filing bankruptcy and thus cannot conclude that the claims became the property of the bankruptcy estate." *Id.* at 782.

The Court finds that Farm Bureau's application of *Byrd* and *Lawrence* under these facts is misplaced. Unlike *Byrd* and *Lawrence*, the Boxes' cause of action stems from a single, post-petition event. In contrast, the employment-related causes of action in *Byrd* and *Lawrence* stemmed from a series of incidents that straddled the petition date. Where all of the events that give rise to a cause of action occur post-petition, however, courts have not hesitated to adhere to the basic tenet of chapter 7 bankruptcy law that property of the estate is determined as of the date of the commencement of the case. For example, in an employment discrimination case where the events of alleged discrimination did not straddle the date of the petition, the same district court that decided *Lawrence* held in *Sims v. Big Lots Stores, Inc.*, No. 4:06CV27, 2006 WL 2805137, at *4 (S.D. Miss. Sept. 28, 2006), that the debtor's claims for racial discrimination and retaliation against her employer belonged to her, not the estate, because they accrued after she had commenced her chapter 7 bankruptcy case.

In *Sims*, the employer argued that the debtor should be judicially estopped from pursuing her claims because she filed her bankruptcy case and secured a discharge without disclosing to the bankruptcy court her potential lawsuit against her employer. In chronological order, the series of events in *Sims* were: the debtor filed her chapter 7 petition on January 21, 2005; the debtor's employer fired her on May 5, 2005; the debtor filed an EEOC charge of discrimination on September 1, 2005; and the debtor initiated her lawsuit under Title VII on March 6, 2006. *Id.* at *1. As noted previously, the district court concluded that because the debtor's claims accrued post-petition, these claims did not become part of her bankruptcy estate. *Id.* at *3.

*Sims* is more akin to the present case than either *Byrd* or *Lawrence*. Here, as in *Sims*, the cause of action did not accrue until after the date of the commencement of the Bankruptcy Case, and, therefore, the cause of action did not become part of the property of the converted chapter 7 Estate. As the Fifth Circuit explained, "a debtor's interest in property may be contingent--or enjoyment of the interest may be postponed--until after bankruptcy, but the debtor must have had a pre-petition interest, nonetheless." *Burgess*, 438 F.3d at 499. Obviously, the Boxes could not have had any claim arising out of the automobile accident until after the accident occurred. In a Title VII action where there may be allegations of ongoing discrimination and where some of the challenged conduct may have occurred pre-petition, whether a cause of action is property of the estate requires a determination of when each cause of action accrued. That determination is not nearly as complicated here where the cause of action arose and accrued at the same time because of a single, unforeseeable event. *Cf. Segal v. Rochelle*, 382 U.S. 375 (1966) (holding that to be property of estate, interest must be "sufficiently rooted in pre-bankruptcy past"), *superseded by* 11 U.S.C. § 541, *as recognized in Burgess*, 438 F.3d at 498-99.

### 2. § 541(a)(7) & After-Acquired Property

Farm Bureau next asserts that the cause of action became property of the Estate by operation of § 541(a)(7). Under § 541(a)(7), property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Moreover, Farm Bureau argues that § 348(f)(1)(1) did not obviate the effect of § 541(a)(7). The Court finds that Farm Bureau's interpretation of § 541(a)(7) stretches its meaning beyond recognition.

As explained earlier, property of the Estate is separate from property of the Boxes. The filing by an individual of a petition for relief under chapter 7 creates two estates, a bankruptcy estate administered by the trustee and a "fresh start" estate belonging to the debtor individually. Section 541(a)(7) applies only to an interest in property that the estate itself acquires after the commencement of the case. Otherwise, § 541(a)(7) would render the temporal limitation in § 541(a) superfluous.

Here, it is the Boxes who acquired the cause of action, not the Estate. "Despite the fact that § 541(a)(7) appears to mandate the inclusion of post-commencement property in the bankruptcy estate, a distinction is drawn between petitions filed under Chapter 7 and those filed under Chapters 11 and 13. . . . [U]nlike a case filed under Chapter 11 or 13, the Chapter 7 debtor retains possession of property acquired after the commencement of the bankruptcy case." *Brassfield*, 953 F. Supp. at 1432 (citation omitted). This point was made by the district court in *Bailey v. Wade (In re Wade)*, 287 B.R. 874 (S.D. Miss. 2001): "After the commencement of a case, the bankruptcy estate has an existence that is completely separate from that of the debtor, and section 541(a)(7) covers only property that the estate itself acquires after the commencement of the bankruptcy proceeding." *Id.* at 881 (citation omitted).

In *Wade*, chapter 7 debtors acquired a cause of action after commencing their bankruptcy case. The debtors filed their chapter 7 bankruptcy petition on July 31, 1997. *Id.* at 877. At that time, the debtors' residence was encumbered by a mortgage held by Chase Manhattan Mortgage Corporation ("Chase"), and the debtors received a discharge on December 18, 1997, before they reaffirmed the mortgage. *Id.* Six months after the discharge, the debtors filed a complaint alleging that Chase had attempted to collect payments on the mortgage after the debtors had filed their bankruptcy case. *Id.* The bankruptcy court concluded that the cause of action accrued post-petition and, therefore, belonged to the debtors, not the bankruptcy estate. *Id.* Of significance to the Motion, the bankruptcy court rejected Chase's assertion that § 541(a)(7) "captured" the debtors' claims and made them part of the bankruptcy estate. In the end, the district court affirmed the bankruptcy court.

Farm Bureau imagines that interpreting § 541(a)(7) as covering only property acquired post-petition by the estate would create an incentive for debtors to convert from a chapter 13 to a chapter 7 "early and often." (Dkt. 113-1 Ex. A at 37). Farm Bureau's argument overlooks the bad-faith exception under § 348(f)(2). As mentioned previously, § 348(f)(1) provides that property of the estate in a converted chapter 7 case consists of property belonging to the debtor on the date the original chapter 13 petition was filed. Under § 348(f)(2), however, when the original chapter 13 case is converted in bad faith, property of the estate in the converted case consists of the estate as of the date of conversion, rather than as of the date of the filing of the original chapter 13 petition. 11 U.S.C. § 348(f)(2). In other words, a debtor who converts in bad faith may not retain property acquired post-petition. *See, e.g.*, *Baker v. Rank, (In re Baker)*, 154 F.3d 534 (5th Cir. 1998) (prior to effective date of § 348(f), creditor objected to discharge in converted chapter 7 case on the ground debtors used post-petition earnings for a luxury

vacation). Although the timing of the conversion is irrelevant in this Bankruptcy Case in determining the date of commencement of the case for purposes of § 541 where there has been no suggestion of bad faith, the Court notes that the automobile accident occurred on February 29, 2008, well after the conversion of the Bankruptcy Case from chapter 13 to chapter 7 on December 15, 2006. Thus, the Boxes could not have been incentivized to convert the Bankruptcy Case by the prospect of a large recovery arising out of the automobile accident, which undoubtedly was unforeseeable.

## Conclusion

Based on the foregoing, the Court concludes that the cause of action against Farm Bureau belongs to the Boxes and is not property of the Estate. The facts here present a classic textbook example of what is property of a chapter 7 estate, namely, "all legal and equitable interests of the debtor" that exist at the time the petition for relief is filed. 11 U.S.C. § 541(a). Farm Bureau attempts to complicate the issue by confusing the importance of the date of the Discharge Order and by citing employment law cases involving pre-petition acts of alleged discriminatory conduct. These attempts do nothing but create "red herrings." Moreover, the *Sims* decision is the latest Mississippi district court case on the subject and clarifies the earlier decisions of *Byrd* and *Lawrence*. Following *Sims*, the proper focus here is the accrual date of a personal injury claim, which in this Bankruptcy Case took place both post-petition and post-conversion. The cause of action, therefore, did not exist at the time the Petition was filed and is not property of the Estate. The Court thus concludes that the Estate has been fully administered and may be closed.

IT IS, THEREFORE, ORDERED that the Motion hereby is granted.

IT IS FURTHER ORDERED that the Bankruptcy Case hereby is closed pursuant to § 350.

SO ORDERED.